IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Curtis Lewis Pratt, ) | C/A No. 8:15-cv-00366-DCN-JDA |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Warden of Walden Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 23.] Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on January 23, 2015.[1] [Doc. 1.] On May 20, 2015, Respondent filed a motion for summary judgment and a return and memorandum to the Petition. [Docs. 23, 24.] On May 21, 2015, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 25.] On June 26, 2015, Petitioner filed a response in opposition to the motion for summary judgment. [Doc. 27.]

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Here, construing the filing date in the light most favorable to Petitioner, this action was filed on January 23, 2015. [Doc. 1 at 14 (Petition signed by Petitioner on January 23, 2015).]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted and the Petition be denied.

## BACKGROUND

Petitioner is presently confined in the South Carolina Department of Corrections at Manning Correctional Institution pursuant to orders of commitment of the Newberry County Clerk of Court. [Doc. 1.] In April 2012, Petitioner was indicted for armed robbery, and in May 2012, Petitioner was indicted for burglary, second degree. [Doc. 27-4 at 8, 13.] On July 31, 2012, represented by Russell O. Brown ("Brown") and Charles Verner, Petitioner entered an *Alford*[2] plea with respect to the charges of armed robbery and burglary, second degree. [Doc. 24-9.] Petitioner was sentenced to ten years for both charges, to run concurrent. [*Id.* at 35.]

**Direct Appeal**

A notice of appeal was timely filed. [Doc. 24-1.] Brown sent a letter to the South Carolina Court of Appeals, filed in Newberry County on August 13, 2012 and received by the South Carolina Court of Appeals on September 7, 2012, stating that he was filing the notice of appeal at Petitioner's request because Petitioner believed Brown had failed to provide effective legal representation. [Doc. 24-2.] The South Carolina Court of Appeals sent a letter to Brown, dated September 14, 2012, requesting that Brown forward his

---

[2] "The United States Supreme Court held in [*North Carolina v. Alford*, 400 U.S. 25 (1970)] that an accused may consent voluntarily, knowingly, and understandingly to the imposition of a prison sentence although unwilling to admit culpability, or even if the guilty plea contains a protestation of innocence, when the accused intelligently concludes that his interests require a guilty plea and the evidence strongly supports his guilt of the offense charged." *State v. Ray*, 427 S.E.2d 171, 173 (S.C. 1993).

2

explanation to Petitioner and inform Petitioner that he had 20 days from the date of Brown's transmittal letter to provide the South Carolina Court of Appeals with a written arguable basis that there were issues preserved for appeal. [Doc. 24-3.] A copy of Brown's letter to Petitioner, dated September 17, 2012, was received by the South Carolina Court of Appeals on September 20, 2012. [Doc. 24-4.] On November 26, 2012, the South Carolina Court of Appeals dismissed the appeal for failure to advise the court in writing of any issues reviewable on appeal. [Doc. 24-5] Remmittitur was issued on January 9, 2010. [Doc. 24-6.]

**PCR Application**

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on April 9, 2013. [Doc. 24-7.] Petitioner alleged he was being held in custody unlawfully based on the following grounds, quoted substantially verbatim:

> (a)  1st denial of my Motion of Discovery/violation of my 5th rule 5.
>
> (b)  2nd 15th amendment rights.
>
> (c)  3rd 12th amendment right

[*Id.* at 3.] In support of his grounds for relief, Petitioner provided the following facts, quoted substantially verbatim:

> (a)  The courts violated my rights, by withholding, and denying me, my rule #5.
>
> (b)  My 4th amendment was totally violated by Court.
>
> (c)  This both cases were centered around the 12th amendment right

[*Id.*] The State filed a return and a motion to dismiss, dated May 14, 2013. [Doc. 24-8.]

On May 24, 2013, the PCR court filed a conditional order of dismissal for failure to state a claim cognizable under the Post-Conviction Procedure Act. [Doc. 24-9.] The PCR court stated that it intended to dismiss the PCR application with prejudice unless Petitioner provided specific factual or legal reasons why the PCR application should not be dismissed. [*Id.* at 3.] Petitioner, represented by Carson M. Henderson ("Henderson"), filed a motion to alter or amend, to reconsider, and/or to stay the conditional order of dismissal, dated May 30, 2013. [Doc. 24-11.] Petitioner's motion to stay was granted on June 7, 2013 [Doc. 24-12], and a hearing was held on October 31, 2013, where Petitioner was represented by Henderson[3] [*see* Doc. 24-13 at 1 (order of dismissal, noting that a hearing was held on October 31, 2013)]. At the hearing, Petitioner and Henderson informed the PCR court that Petitioner wished to withdraw his PCR application with prejudice. [*Id.*] Petitioner was sworn and questioned by the PCR court and the PCR court determined that the dismissal was voluntary and Petitioner knowingly and intelligently elected to have his PCR application dismissed with prejudice. [*Id.*] By order filed November 22, 2013, the PCR court dismissed Petitioner's PCR application with prejudice. [*Id.* at 2.]

**Petition for Writ of Habeas Corpus**

Petitioner filed this Petition for writ of habeas corpus on January 23, 2015. [Doc. 1.] Petitioner raises the following ground for relief, quoted substantially verbatim, in his Petition pursuant to 28 U.S.C. § 2254:

> **GROUND ONE:**     did both Solicitor's not violate my fifth Amendment right or double jeopardy of life and law?

---

[3]The record before the Court does not include the hearing transcript.

4

|                    |    |                                                                                                                           |
|--------------------|----|---------------------------------------------------------------------------------------------------------------------------|
| *Supporting facts*: | 1. | both so[lic]itor's charged Me twice, or three time[]s for the same charge. |
|                    | 2. | Charge was entered violent, with no a[c]tions to agree to it. |
| **GROUND TWO:**    |    | did State violate my fifth Amendment right of presentment, or indictment of a grand Jury? due process of law. |
| *Supporting facts:* |    | was the indictments f[o]und true by body of the charge to make it a legal Doc[u]ment? time to issue indictment. |
| **GROUND THREE:**  |    | did the State not violate my fifth Amendment right, nor shall be compelled in any criminal case to be witness against himself. |
| *Supporting facts:* | 1. | Sgt. Goodman threatened me with a lie of DNA that he had. |
|                    | 2. | Sgt. Goodman lied on the statement he wrote. |
|                    | 3. | Sgt. Goodman had 0% proof of Charge. |
| **GROUND FOUR:**   |    | did the State violate my fifth Amendment right of double jeopardy by sentencing me the way he did? Judge George C. James Jr. |
| *Supporting Facts:* | 1. | did the Judge not violate state, federal, [and] fifth Amendment right by putting into action the sentence I am now serving 10–85%? |

[Doc. 1 at 5–10.] As stated, on May 20, 2015, Respondent filed a motion for summary judgment. [Doc. 23.] On June 26, 2015, Petitioner filed a response in opposition. [Doc. 27.] Accordingly, Respondent's motion is ripe for review.

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such

6

that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only),

>     admissions, interrogatory answers, or other materials;
>     or
>
>     (B) showing that the materials cited do not establish the
>     absence or presence of a genuine dispute, or that an
>     adverse party cannot produce admissible evidence to
>     support the fact.

Fed. R. Civ. P. 56(c)(1).  Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

### *Generally*

Because Petitioner filed the Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

>     (1) resulted in a decision that was contrary to, or involved an
>     unreasonable application of, clearly established Federal law, as
>     determined by the Supreme Court of the United States;  or
>
>     (2) resulted in a decision that was based on an unreasonable
>     determination of the facts in light of the evidence presented in
>     the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 410 (2000).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded

jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011).  Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions.  28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id.*  The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts.  A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### *Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (I) there is an absence of available State corrective process; or

9

> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the

judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[4] Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts. For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment. S.C. App. Ct. R. 203(b)(2), (d)(1)(B). A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977). Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

---

[4] In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar. 589 F.3d at 162–65. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a

"fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

### *Statute of Limitations*

Under the AEDPA, petitioners have one year to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D).  However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law.  *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."  (alteration in original)).  In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit.  *Id.* at 417.  Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court has recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition.  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418).  Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied.  *Id.* at 2563.

## DISCUSSION

Respondent argues the Petition is time barred.  [Doc. 24.]  Upon review, the Court agrees that the Petition is untimely and Petitioner is not entitled to equitable tolling.

**Expiration of Limitations Period**

The South Carolina Court of Appeals dismissed Petitioner's appeal on November 26, 2012 [Doc. 24-5], and Petitioner did not seek further review.  Consequently, Petitioner

had one year from December 11, 2012, fifteen days after the South Carolina Court of Appeals' opinion was filed, to file a federal habeas petition. 28 U.S.C. § 2244(d)(1); *Gonzalez v. Thaler*, --- U.S. ---, ---, 132 S. Ct. 641, 653–54 (2012) (holding that a judgment becomes final for purposes of § 2244(d)(1) "when the time for pursuing direct review in [the United States Supreme] Court, or in state court, expires"); S.C. App. Ct. R. 221(a), 242(c) (establishing that a decision of the South Carolina Court of Appeals is not final for purposes of petitioning the Supreme Court of South Carolina for review until the petitioner has filed a motion for rehearing by the Court of Appeals, and such motion must be filed within fifteen days of the Court of Appeals' decision).

Here, Petitioner filed his PCR application on April 9, 2013, such that 119 days of the one-year limitations period had expired before Petitioner filed his PCR application. The one-year period in which to file a federal habeas petition is tolled during the pendency of a PCR application or other collateral relief properly filed in state court, 28 U.S.C. § 2244(d)(2), and Respondent concedes the statute of limitations was tolled during the period the PCR application was pending—from April 9, 2013 until December 23, 2013, when the time to appeal the PCR court's order of dismissal expired[5] [Doc. 14-13]. Therefore, the

---

[5]Petitioner had 30 days from the PCR court's dismissal order to file a notice of appeal. *See* SCACR Rule 243 (stating that the notice of appeal from a PCR action shall be served "[i]n the same manner and under the same time limitations as provided for appeals from the Court of Common Pleas in Rules 203 and 207"); SCACR Rule 203 ("A notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment."). Here, the statute of limitations expired on Sunday, December 22, 2013; however, pursuant to Rule 263(a) of the South Carolina Appellate Court Rules, when calculating time, the last day of the period is to be included "unless it is a Saturday, Sunday or a state or federal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor such holiday." Accordingly, the Court will treat the statute of limitations period as ending on Monday, December 23, 2013.

one-year limitations period began to run again on December 24, 2013 and expired 246 days later on August 26, 2014. As a result, the Petition—filed on January 23, 2015, more than four months after the expiration of the limitations period—is time barred.[6]

**Equitable Tolling**

Further, Petitioner is not entitled to equitable tolling. As the United States Supreme Court has recognized:

> Under our system of representative litigation, "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash R. Co.*, 370 U.S. 626, 634, 82 S. Ct. 1386, 1390, 8 L. Ed.2d 734 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326, 25 L. Ed. 955 (1880)). . . . Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S. Ct. 1723, 1725, 80 L. Ed.2d 196 (1984).

---

[6]The Court notes that in his response in opposition, Petitioner argues that "the calculation[s] are off dealing with statutory time" because Respondent incorrectly stated that Petitioner's PCR occurred in October 2013; however, Petitioner asserts that he did not have a PCR until January 2014. [Doc. 26 at 2.] Petitioner has provided no evidence to corroborate his argument, and the copy of the PCR court's order of dismissal provided by Respondent is dated November 12, 2013, and file stamped November 22, 2013 [Doc. 24-13].

Moreover, even if the Court were to give Petitioner the benefit of the later date, his Petition would still be untimely. If the Court assumes the statute of limitations was tolled from April 9, 2013, until March 3, 2014, the date after which Petitioner could not appeal the disposition of a PCR action concluded on January 31, 2014, *see* SCACR Rules 243, 203, Petitioner would have had until November 4, 2014, to file his Petition. Petitioner did not file his Petition until January 23, 2015. [Doc. 1.] Accordingly, the Petition is time barred even using the latest date possibly alleged by Petitioner.

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92, 96 (1990) (footnotes omitted). The Fourth Circuit Court of Appeals has underscored the very limited circumstances in cases subject to the AEDPA where equitable tolling will be permitted, holding a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).[7] The Supreme Court has suggested that equitable tolling is justified to relieve the operation of a limitations bar due

---

[7] Other courts of appeals have similarly expressed that equitable tolling of the AEDPA statute of limitations is to be employed sparingly. *See, e.g.*, *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003) (applying the general rule that "'attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling'" (citation omitted)); *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) ( "[C]ounsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [the petitioner's] habeas petition in the district court within the one-year limitations period."); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to apply equitable tolling where late filing was caused by attorney's use of ordinary mail to send petition from Atlanta to Miami less than a week before it was due); *see also Rouse*, 339 F.3d at 246 ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect." (citation omitted)).

to egregious unprofessional attorney misconduct, such as abandoning the client; a last minute change in representation beyond the client's control; failing to conduct essential services of representation like communicating with the client and performing basic legal research; and denying the client access to files and misleading the client. *Holland*, 130 S. Ct. at 2564 (citations omitted). Further, as previously stated, the Supreme Court has held that, in addition to demonstrating extraordinary circumstances prevented the petitioner from timely filing, the petitioner must demonstrate he has been diligently pursuing his rights. *Id.* at 2562.

Here, Petitioner has failed to argue or demonstrate that extraordinary circumstances beyond his control or external to his own conduct prevented him from filing his Petition within the statute of limitations. [*See* Doc. 26.] Accordingly, Petitioner has failed to provide any grounds for equitably tolling the federal statute of limitations. Therefore, the Court determines the Petition should be dismissed as time barred.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

S/Jacquelyn D. Austin
United States Magistrate Judge

August 28, 2015
Greenville, South Carolina

8:15-cv-00366-DCN     Date Filed 08/28/15     Entry Number 29     Page 20 of 20